IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Patricia W.,<br><br>       *Plaintiff*,<br><br>  v.<br><br>Frank J. Bisignano,<br>Commissioner of Social Security,<br><br>       *Defendant*. | Case No. 3:24-cv-50029<br><br>Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

  Plaintiff Patricia W. brings this action under 42 U.S.C. § 405(g) seeking a reversal and remand of the decision denying her continued entitlement to disability insurance benefits on reconsideration.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

  As of December 23, 2015, the Commissioner found Plaintiff disabled primarily because of three medically determinable impairments – major motor seizures, depressive disorder[2], and anxiety disorder. R. 66, 73. As part of its ongoing evaluation of disability benefits, the Commissioner re-evaluated Plaintiff's impairments in June 2021 and determined that Plaintiff was no longer disabled. R. 91. Following a hearing, an administrative law judge ("ALJ") issued a decision in July 2023, confirming that Plaintiff is no longer disabled. R. 12-29. The ALJ found that Plaintiff has seen medical improvement since she was initially found to be disabled. R. 14. The ALJ determined that this medical improvement is related to Plaintiff's ability to work and assessed Plaintiff's improved residual functional capacity ("RFC") accordingly. R. 17, 21. The ALJ found that Plaintiff is unable to perform past relevant work but that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. 27.

  The Appeals Council denied Plaintiff's request for review on November 30, 2023, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 404.900(a)(5). Plaintiff then filed this action seeking judicial review.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 7.

[2] At the time of that decision, Social Security regulations referenced "affective" disorders. 20 C.F.R. § 404, Subpt. P, App. 1 (effective Aug. 12, 2015, to May 23, 2016). The regulations have since been updated to replace affective disorders with "depressive" disorders, a specific type of affective disorders. *See Affective Disorders*, Healthline (Apr. 2, 2020), https://www.healthline.com/health/affective-disorders [https://perma.cc/YET5-J7XR]. The Court will use language consistent with current regulations.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision, claiming the ALJ did not provide evidence for her determination that Plaintiff has experienced medical improvement and the ALJ failed to explain how Plaintiff's seizures were accounted for in the RFC. Dkt. 13, at *11-14. As discussed in further detail below, the Court does not find that either of these arguments warrant remand.

1) Medical Improvement

Once a claimant is found to be entitled to disability benefits, the Commissioner must periodically review the claimant's continued entitlement to such benefits. 20 C.F.R. § 404.1594(a). In these reviews, the Commissioner must decide whether the claimant's disability continues by "determin[ing] if there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." *Id.* Medical improvement is found when there "is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision." 20 C.F.R. § 404.1594(b)(1).

Here, Plaintiff's most recent favorable decision was completed on May 23, 2016, when the Commissioner originally found Plaintiff disabled due to her major motor seizures, depressive disorder, and anxiety disorder. R. 66, 73. In her review of the records, the ALJ found medical improvement because Plaintiff's "mental [impairments] are no longer severe." R. 17. Plaintiff challenges this finding on the grounds that "the ALJ failed to identify any evidence that the signs, symptoms, or studies regarding Plaintiff's seizures had changed or improved." Dkt. 13, at *12.

2

As an initial matter, the Court notes that the ALJ found that Plaintiff's seizures *and* depressive disorder have decreased in medical severity. R. 17. Plaintiff makes no allegation that the ALJ erred in finding medical improvement of Plaintiff's depressive disorder. As explained above, medical improvement is found if there is *any* decrease in the medical severity of *any* impairments Plaintiff had at the time of her most recent favorable decision. *See Wyatt v. Bowen*, 887 F.2d 1082, at *2 (4th Cir. 1989) (unpublished). Plaintiff turns a blind eye to the ALJ's analysis of Plaintiff's other impairments, which is a fatal flaw in Plaintiff's argument. Such a flaw notwithstanding, the Court also finds Plaintiff's argument related to her seizures unconvincing.

Plaintiff correctly explains that an ALJ's finding of medical improvement "must be based on improvement in [] symptoms, signs, and/or laboratory findings." 20 C.F.R. § 404.1594(b)(1). That is precisely what the ALJ provided here. When Plaintiff was initially found to be disabled, she reported that her seizures occurred multiple times per day, and she did not drive because of them. R. 17, 65, 69. The ALJ noted that, since that time, Plaintiff continues to allege daily seizures but "there is a paucity of evidence to corroborate them." R. 17. In support of this finding, the ALJ pointed to Plaintiff's report in November 2018 that she "had been seizure free for quite some time" as well as Plaintiff's March 2019 report that "her seizures are controlled." R. 18 (citing R. 721, 1749). Again, in January 2020, Plaintiff reported that she "no longer had a seizure ever since she adopted her granddaughter" and her seizures were down to one or two per month as of May 2021. R. 18, 20 (citing R. 755, 856). This evidence is sufficient to show that Plaintiff's seizure symptoms had improved since May 2016 when she was reportedly experiencing multiple seizures each day.

Instead of directly addressing the ALJ's findings, Plaintiff's argument simply points to evidence that she believes shows her seizures had not improved. First, Plaintiff explains that "the evidence has continued to reflect a diagnosis of pseudoseizures." Dkt. 13, at *12 (citing R. 1552). A diagnosis, however, is not sufficient on its own to show the existence of any functional limitations or even symptoms. *See Schmidt v. Barnhart*, 395 F.3d 737, 745-46 (7th Cir. 2005) (explaining that a claimant's showing of the existence of an impairment does not equate with a showing that the claimant suffers from common symptoms of that impairment without further evidence); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("Conditions must not be confused with disabilities."). Plaintiff then points to further evidence purportedly showing no improvement such as her husband's report that Plaintiff experiences multiple seizures each week and her husband's belief that she "cannot be safely left alone." Dkt. 13, at *13 (citing R. 380, 398-400). However, the ALJ did not ignore these records but simply found other evidence to be more persuasive. *See* R. 26 (explaining that the function report from Plaintiff's husband was "partly consistent with the medical evidence"). Plaintiff may not agree with the significance the ALJ assigned to these mixed findings, but she "cannot prevail by arguing that the ALJ improperly weighed the evidence." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020).

Most notably, Plaintiff's own argument reinforces the ALJ's conclusion that Plaintiff experienced a decrease in medical severity of her seizures. Plaintiff cites her consultative examination in June 2021 to allege that she experiences weekly seizures. Dkt. 13, at *13 (citing R. 886). This same note goes on to explain that—consistent with the findings from Plaintiff's initial disability determination—Plaintiff "used to have 5-7 seizures a day." R. 886. A decrease from multiple seizures a day to only weekly seizures is certainly "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Plaintiff's seizures have decreased in

severity. *Rabdeau v. Bisignano*, 2025 WL 2827872, at *3 (7th Cir. Oct. 6, 2025) (internal quotation marks omitted).

Ultimately, the ALJ's explanation for finding medical improvement of Plaintiff's seizures boils down to this: Plaintiff "was having daily seizures" at the time of her most recent favorable decision but then "reported that her seizures were controlled." R. 17. This is precisely the comparison of evidence Plaintiff alleges is missing from the ALJ's analysis. Dkt. 18, at *2. The ALJ's determination that Plaintiff had experienced medical improvement since she was initially found disabled was supported by substantial evidence.

2) RFC Assessment

Plaintiff also asserts that the ALJ "fail[ed] to explain how the assessed RFC purportedly addresses Plaintiff's seizures." Dkt. 13, at *11. However, Plaintiff does not develop this argument at all beyond this conclusory statement. This argument is thus waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived." (citation modified)). Even though "[j]udges are not like pigs, hunting for truffles buried in briefs," the Court will briefly address this argument. *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

The Seventh Circuit has long held that the ALJ's RFC analysis "must account for the totality of a claimant's limitations." *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) (internal quotation marks omitted). Here, the ALJ found that Plaintiff has a medically determinable impairment of pseudo-seizures. R. 14. In recognition of this impairment, the ALJ restricted Plaintiff to never climbing ladders, ropes, or scaffolds; occasionally climbing stairs and ramps; never being around unprotected heights and dangerous heavy moving machinery; and never operating commercial vehicles. R. 25. Plaintiff has not pointed to any evidence showing (nor has she even alleged) that any further restrictions are needed. Thus, "[i]t is unclear what kinds of work restrictions might address [Plaintiff's seizures] because [s]he hypothesizes none." *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Moreover, the ALJ found Dr. Schultheis' opinion—the only opinion that included restrictions beyond what the ALJ found—was entitled to "little weight." R. 26. Plaintiff does not challenge that finding. Accordingly, the Court finds the ALJ's RFC assessment supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: November 18, 2025   By: _____
Michael F. Iasparro
United States Magistrate Judge

4